# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

MUCKROCK FOUNDATION, INC. and
PRIVACY INTERNATIONAL,

*Plaintiffs*,

v.

DEPARTMENT OF STATE,

*Defendant*.

CIVIL ACTION NO. _____

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiffs Privacy International and MuckRock Foundation, Inc. hereby bring this action against defendant Department of State to compel the immediate production of documents requested over one year ago under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. As grounds therefor, plaintiffs state as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

2. Venue in this action is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

### Parties

3. Plaintiff Privacy International is a United Kingdom-based charity that campaigns against companies and governments that exploit our data and technologies. Privacy International exposes harm and abuses, mobilizes allies globally, campaigns with the public for solutions, and

pressures companies and governments to change. It maintains its principal place of business in London.

4. Plaintiff MuckRock Foundation, Inc. ("MuckRock") is a Massachusetts-based non-profit, collaborative news site dedicated to promoting democracy through requesting, analyzing, and sharing government documents. It maintains its principal place of business in Cambridge, Massachusetts.

5. Defendant Department of State ("DOS") is an agency within the meaning of 5 U.S.C. § 552(f)(1), and is headquartered in Washington, D.C. DOS has possession, custody, and control of the records to which Plaintiffs seek access and which are the subject of this Complaint.

**Factual Background**

6. Upon information and belief, the United States government has assisted and continues to assist foreign governments with a wide variety of national security and law enforcement activities, including, but not limited to, operations aimed at drug trafficking, corruption, immigration, and domestic policing.

7. Upon information and belief, national security and law enforcement assistance provided by the United States government to foreign governments includes, but is not limited to, financing, establishing, operating, and conducting training related to surveillance programs.

8. National security and law enforcement assistance to foreign governments, especially for the purposes of facilitating the development of their surveillance capabilities, is a matter of great public interest and importance. Access to information about foreign surveillance assistance programs is of paramount concern. The public currently lacks access to basic information about the government's support of the surveillance programs of other countries. This lack of transparency prevents the public from determining whether the aid is being used in a manner consistent with American and international values.

9. Starting in February 2019, plaintiffs Privacy International and MuckRock worked jointly to draft requests for records related to such foreign surveillance assistance programs under the FOIA. These requests were targeted at various agencies, including DOS.

10. Plaintiffs expect the requested DOS records will reveal substantial new information about foreign surveillance assistance programs, including the types of equipment, trainings, and other resources DOS has provided to foreign nations; the contents and objectives of specific training courses that DOS has provided to foreign law enforcement officers; and what factors DOS has considered in conducting risk assessments. This information will bring greater public understanding to the United States government's surveillance assistance to foreign entities and its related privacy and security implications on civil liberties.

11. More specifically, Privacy International works to ensure that government surveillance complies with the rule of law and the international human rights framework. As part of this effort, Privacy International seeks to ensure that the public is informed about the conduct of governments in matters that affect the right to privacy. Responsive documents from DOS would enable Privacy International to better understand how foreign surveillance programs, supported by United States security assistance and aid, are used by other countries in ways that raise risks for human rights defenders and journalists.

12. For example, in May 2020 the New York Times reported that "a Colombian army unit used American surveillance equipment, provided to fight Marxist guerrillas and drug traffickers, to spy on journalists, political opponents and public figures."[1] The military reportedly "compiled elaborate dossiers on more than 130 people, including former generals, politicians,

---

[1] The Editorial Board, *What Colombia Did With American Spy Tools*, N.Y. Times (May 8, 2020), https://www.nytimes.com/2020/05/08/opinion/colombia-spying-corruption.html.

trade union leaders, social activists and at least two dozen journalists," including a New York Times journalist, using "listening devices and other equipment supplied by the United States."[2] Members of the Colombian unit involved also reportedly "helped themselves to American aid money."[3]

13. Like Privacy International, MuckRock works to provide access to government records to academics, investigative journalists, concerned citizens, and other interested parties. As part of this effort, MuckRock maintains a robust library of government records on topics that are likely to be of current and future interest to such parties. Responsive documents from DOS would greatly add to the research value of this repository of records.

14. Beginning in May 2019, Plaintiffs submitted seven requests for records under the FOIA to DOS. The procedural history and status of each request follows.

### Request #1: The Wiretapping Request

15. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2008 to the present related to the DOS assistance to the interceptions of communications by certain foreign government agencies (*see* Exhibit A) ("the Wiretapping Request"). Specifically, the request sought:

1. Records related to the support of El Salvador's National Electronic Monitoring Center, including, but not limited to:
   a. Descriptions of the types and quantities of equipment provided;
   b. Summaries of the trainings provided to the units involved in the operation of the Monitoring Center;

---

[2] *Id.*
[3] *Id.*

      c. The expenditure of funds supporting the operation of the Monitoring Center since 2010, including, but not limited to, itemized budgets; and

      d. Any risk assessment regarding the provision of support.

2. Records related to the provision of communications intercept sets to Venezuela's National Drug Office, including, but not limited to:

      a. Descriptions of the types and quantities of equipment provided as part of the intercept sets; and

      b. Any risk assessment regarding the supply of equipment.

3. Records related to the provision of wiretapping system and associated training to Costa Rica, including, but not limited to:

      a. An overview of the wiretapping system provided, including, but not limited to, the program summary, expected objectives and outcomes, and associated costs;

      b. Any information regarding the trainings provided, including, but not limited to, the training schedules, which include the start and end dates, the course titles, and the agency providing the training;

      c. Any risk assessment regarding the provision of the wiretapping system;

      d. Any records summarizing who used the wiretapping system;

      e. Any records naming the prime contractor of each wiretapping system, including, but not limited to, contracts with the prime contractor of each wiretapping system.

16. By email dated June 22, 2019, Plaintiffs requested a response to the request.

17. By email dated July 17, 2019, DOS stated that the request was in process and assigned it a tracking number, F-2019-06791, and stated that they would follow up soon regarding an estimated date of completion.

18. By email dated November 27, 2019, DOS acknowledged that they received the request on June 3, 2019, and noted that the request was placed on the complex processing track.

19. Between December 2019 and March 2020, Plaintiffs repeatedly contacted DOS to request updates on the status of the request.

20. By email dated March 11, 2020, DOS confirmed receipt of Plaintiffs' inquiry and stated that it would get back to the Plaintiffs as soon as possible.

21. Having heard nothing by June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 399 days earlier.

22. By email dated July 15, 2020, DOS estimated the completion date for the request to be December 31, 2022, over three and a half years after the initial request.

23. As of the filing of this Complaint, it has been 563 days since the Wiretapping Request was submitted.

24. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Wiretapping Request.

25. DOS has not produced any records responsive to Plaintiffs' Wiretapping Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

Request #2: The CARSI Request

26. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2008 to the present related to the DOS assistance to foreign governments

through the Central America Regional Security Initiative ("CARSI") (*see* Exhibit B) ("the CARSI Request"). Specifically, the request sought:

1. An overview of which wiretapping centers have been established under CARSI;
2. Any records related to the provision of training through CARSI to foreign units, including, but not limited to:
    a. Training schedules, which include the start and end dates, course titles, and the agency providing the training;
    b. The titles of all educational materials provided to participants for the training;
    c. Course descriptions, which provide the information on the objectives and expected outcomes for each course; and
    d. A list of participating agencies for each course and their country of origin;
3. Any risk assessments regarding CARSI, both broadly applicable to the program and particularly pertaining to each wiretapping center established under CARSI; and
4. Any records naming the prime contractor of each wiretapping center, including, but not limited to, contracts with the prime contractor of each wiretapping center.

27. By email dated June 20, 2019, and again on July 22, 2019, Plaintiffs requested a response to the request.

28. By email dated July 29, 2019, DOS acknowledged that they received the request on June 3, 2019, noted that the request was placed on the complex processing track, and assigned it a tracking number, F-2019-06654.

29. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the CARSI Request and requested an estimated date of completion.

30. By email dated March 11, 2020, DOS confirmed receipt of Plaintiffs' inquiry and stated that it would get back to the Plaintiffs as soon as possible.

31. Having heard nothing by June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 399 days earlier.

32. On July 15, 2020, DOS estimated the completion date for the request to be November 30, 2022, over three and a half years after the initial request.

33. As of the filing of this Complaint, it has been 563 days since the CARSI Request was submitted.

34. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the CARSI Request.

35. DOS has not produced any records responsive to Plaintiffs' CARSI Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

Request #3: The Training Request

36. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2011 to the present concerning the DOS's provision of counter-narcotics and law enforcement trainings to specific foreign governments (*see* Exhibit C) ("the Training Request"). Specifically, the request sought:

1. Records related to the provision of International Law Enforcement Academies trainings in El Salvador and New Mexico, including, but not limited to:
    a. Training schedules, which include the start and end dates, the course titles, and the agency providing the training;
    b. The titles of all educational materials that were provided to the participants for the training;
    c. Course descriptions, which provide the information on the objectives and expected outcomes for each course; and
    d. A list of participating agencies for each course and their country of origin.
2. Records related to the provision of counter-narcotics and law enforcement trainings in El Salvador and Costa Rica, including, but not limited to:
    a. Training schedules, which include the start and end dates, the course titles, and the agency providing the training;
    b. The titles of all educational materials that were provided to the participants for the training;
    c. Course descriptions, which provide the information on the objectives and expected outcomes, for each course given; and
    d. Any risk assessment regarding the provision of the training.

37. By email dated June 21, 2019, Plaintiffs requested a response to the request.

38. By email dated July 17, 2019, DOS stated that the request was in process and assigned it a tracking number, F-2019-06756, and stated that they would follow up soon regarding an estimated date of completion.

39. By email dated July 25, 2019, DOS acknowledged that they received the request on June 3, 2019, and noted that the request was placed on the complex processing track.

40. By email dated October 4, 2019, DOS estimated the completion date for the request to be January 24, 2022, over two and a half years after the initial request

41. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the Training Request and requested an updated estimated date of completion.

42. By email dated March 27, 2020, DOS acknowledged Plaintiffs' request for an update and determined that the new estimated date of completion would be December 2022, over three years after the initial request.

43. On June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 399 days earlier.

44. On July 15, 2020, DOS estimated the completion date for the request to be December 31, 2022, over three and a half years after the initial request.

45. As of the filing of this Complaint, it has been 563 days since the Training Request was submitted.

46. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Training Request.

47. DOS has not produced any records responsive to Plaintiffs' Training Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

Request #4: The Haiti Request

48. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2012 to the present concerning the DOS's provision of counter-narcotics equipment and trainings to the Haitian government, specifically the Haitian National Police

("HNP") and the Bureau for the Fight Against Narcotics Trafficking ("BLTS"), as well as joint enforcement operations with the Drug Enforcement Association ("DEA") and the United States Coast Guard ("USCG") (*see* Exhibit D) ("the Haiti Request"). Specifically, the request sought:

1. Records related to the provision of counter-narcotics equipment to HNP and BLTS, including, but not limited to:
   a. Descriptions of the types and quantities of equipment provided; and
   b. Any risk assessment regarding the provision of the equipment.
2. Records related to the provision of counter-narcotics trainings for HNP and BLTS officials, including, but not limited to:
   a. Training schedules, which include the start and end dates, the course titles, and the agency providing the training;
   b. The titles of all educational materials that were provided to the participants for the training;
   c. Course descriptions, which provide the information on the objectives and expected outcomes of each course; and
   d. Any risk assessment regarding the provision of the trainings.
3. Any records showing which joint enforcement operations between the DEA, USCG, HNP, and BLTS were funded by the United States, including, but not limited to, an itemized budget.

49. By email dated June 20, 2019, Plaintiffs requested a response to the request.

50. By email dated July 17, 2019, DOS stated that the request was in process and assigned it a tracking number, F-2019-06752, and stated that they would follow up soon regarding an estimated date of completion.

51. By email dated July 26, 2019, DOS acknowledged that they received the request on June 3, 2019, and noted that it was placed on the complex processing track.

52. By email dated October 3, 2019, DOS estimated the completion date for the request to be January 24, 2022, over two and a half years after the initial request.

53. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the Haiti Request and requested an updated estimated date of completion.

54. By email dated March 11, 2020, DOS confirmed receipt of Plaintiffs' inquiry and stated that it would get back to the Plaintiffs as soon as possible with a response.

55. Having heard nothing by June 29, 2020, Plaintiffs sent another letter demanding immediate production of the records requested 399 days earlier.

56. On July 15, 2020, DOS updated the estimated completion date for the request to be March 8, 2023, over three and a half years after the initial request.

57. As of the filing of this Complaint, it has been 563 days since the Haiti Request was submitted.

58. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Haiti Request.

59. DOS has not produced any records responsive to Plaintiffs' Haiti Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

Request #5: The Caribbean Request

60. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2012 to the present concerning the DOS's provision of law enforcement trainings and equipment to specific governments in the Caribbean (*see* Exhibit E) ("the Caribbean Request"). Specifically, the request sought:

1. Records related to the provision of law enforcement equipment to the Dominican Republic, Guyana, Jamaica, and Suriname, including, but not limited to:
    a. Descriptions of the types and quantities of equipment provided; and
    b. Any risk assessment regarding the provision of the equipment.
2. Records related to the provision of law enforcement trainings in the Dominican Republic, Guyana, Jamaica, and Suriname, including, but not limited to:
    a. Training schedules, which include the start and end dates, the course titles, and the agency providing the training;
    b. The titles of all educational materials that were provided to the participants for the training;
    c. Course descriptions, which provide the information on the objectives and expected outcomes of each course; and
    d. Any risk assessment regarding the provision of the trainings.

61. By email dated June 20, 2019, Plaintiffs requested a response to the request.

62. By email dated July 17, 2019, DOS stated that the request was in process and assigned it a tracking number, F-2019-06749, and stated that they would follow up soon regarding an estimated date of completion.

63. By email dated July 26, 2019, DOS acknowledged that they received the request on June 3, 2019, and noted that it was placed on the complex processing track.

64. On October 4, 2019, DOS estimated the completion date for the request to be January 24, 2022, over two years after the initial request.

65. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the Caribbean Request and requested an updated estimated date of completion.

66. By email dated March 27, 2020, DOS confirmed receipt of Plaintiffs' inquiry and stated that it would get back to the Plaintiffs as soon as possible with a response.

67. Having heard nothing by June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 399 days earlier.

68. On July 15, 2020, DOS updated the estimated completion date for the request to be July 13, 2022, over three years after the initial request.

69. As of the filing of this Complaint, it has been 563 days since the Caribbean Request was submitted.

70. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Caribbean Request.

71. DOS has not produced any records responsive to Plaintiffs' Caribbean Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

<u>Request #6: The Central Request</u>

72. On May 24, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2012 to the present related to the DOS assistance to law enforcement in Central America, in particular to anti-gang and community policing in El Salvador and to the border police of Guatemala ("DIPAFRONT") (*see* Exhibit F) ("the Central Request"). Specifically, the request sought:

> 1. Records related to the provision of support to anti-gang and community policing in El Salvador, including, but not limited to:
>    a. Descriptions of the types and quantities of equipment provided;

      b. Summaries of any training provided;

      c. Any risk assessments regarding the support of anti-gang and community policing; and

      d. Any risk assessments regarding the provision of COMPSTAT, a statistical analysis tool that tracks the type and location of crime reports to more efficiently allocate law enforcement resources.

2. Records related to the provision of support to DIPAFRONT, including, but not limited to:

      a. Descriptions of the types and quantities of equipment provided;

      b. Summaries of any trainings provided;

      c. The expenditure of funds provided, including, but not limited to, itemized budgets.

      d. Any risk assessments regarding support to DIPAFRONT.

73. By email dated June 21, 2019, Plaintiffs requested a response to the request.

74. By email dated July 17, 2019, DOS stated that the request was in process and assigned it a tracking number, F-2019-06754, and stated that they would follow up soon regarding an estimated date of completion.

75. By email dated July 26, 2019, DOS acknowledged that they received the request on June 3, 2019, and noted that the request was placed on the complex processing track.

76. By email dated October 4, 2019, DOS estimated the completion date for the request to be January 24, 2022, over two and a half years after the initial request.

77. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the Central Request and requested an updated estimated date of completion.

78. By email dated March 27, 2020, DOS confirmed receipt of Plaintiffs' inquiry and determined that the estimated date of completion would be December 2022, over three and a half years after the initial request.

79. On June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 399 days earlier.

80. On July 15, 2020, DOS updated the estimated completion date for the request to be December 31, 2022, over three and a half years after the initial request.

81. As of the filing of this Complaint, it has been 563 days since the Central Request was submitted.

82. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Central Request.

83. DOS has not produced any records responsive to Plaintiffs' Central Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

<u>Request #7: The Technical Assistance Request</u>

84. On October 10, 2019, Plaintiffs sent a FOIA request to DOS requesting all records from January 1, 2012 to the present concerning the DOS's provision of security technical assistance to specific foreign governments (*see* Exhibit G) ("the Technical Assistance Request"). Specifically, the request sought:

> 1. Records related to the provision of security technical assistance to the Bahamas, including, but not limited to, any guidance on draft legislation to address issues with corruption.
>
> 2. Records related to the provision of security technical assistance to Peru, including, but not limited to:

      a. Any risk assessment regarding the provision of assistance for the Automated Targeting System-Global and the Biometrics Identification Transnational Migration Alert Program.

      b. Any information regarding the training funded by the United States on cybercrimes and passenger risk analysis, including, but not limited to:

         i. Training schedules, which include the start and end dates, the course titles, and the agency providing the training;

         ii. The titles of all educational materials that were provided to the participants for the training; and

         iii. Course descriptions, which provide the information on the objectives and expected outcomes of each course.

85. By email dated December 31, 2019, DOS acknowledged that they received the request on October 22, 2019, noted that the request was placed on the complex processing track, and assigned it a tracking number, F-2020-00877.

86. By email dated March 6, 2020, Plaintiffs inquired with DOS on the status of the Technical Assistance Request and requested an estimated date of completion.

87. By email dated March 11, 2020, DOS confirmed receipt of Plaintiffs' inquiry and stated that it would get back to the Plaintiffs as soon as possible with a response.

88. Having heard nothing by June 29, 2020, Plaintiffs sent another email demanding immediate production of the records requested 260 days earlier.

89. By email dated July 15, 2020, DOS estimated the completion date for the Technical Assistance Request to be April 19, 2023, over three and a half years after the initial request.

90. As of the filing of this Complaint, it has been 424 days since the Technical Assistance Request was submitted.

91. As of the filing of this Complaint, Plaintiffs have received no further information or communication from DOS concerning the Technical Assistance Request.

92. DOS has not produced any records responsive to Plaintiffs' Technical Assistance Request, nor has it issued a determination on the request as required by the FOIA, 5 U.S.C. § 552(a)(6).

### Count I:  Violation of the FOIA, 5 U.S.C. § 552: Department of State

93. The plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 92 above as fully set forth herein.

94. DOS's continued failure to process this request and produce responsive records violates the statutory deadlines imposed by the FOIA. 5 U.S.C. § 552(a)(6).

95. Upon information and belief, DOS has not made reasonable efforts to search for the requested records. 5 U.S.C. § 552(a)(3)(C).

96. DOS has not produced responsive records in a timely manner, has not set reasonable production dates for the production of the records, and has not provided any basis for withholding any records. 5 U.S.C. § 552(a)(6).

97. MuckRock and Privacy International have fully exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), as DOS has failed to make a determination regarding their request in the time allotted.

### Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request this Court to:

1. Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3);

2. Order Defendant to conduct a thorough search for all records responsive to Plaintiffs' Request and to immediately disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under the FOIA;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees and costs; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: December 7, 2020          Respectfully submitted,

                                     /s/ Mason A. Kortz

Mason A. Kortz
BBO# 691257
Cyberlaw Clinic
Harvard Law School
1585 Massachusetts Avenue, Suite 5018
Cambridge, MA 02138
Tel: 858-922-1990
Email: mkortz@law.harvard.edu

Kendra K. Albert
BBO# 705086
Cyberlaw Clinic
Harvard Law School
1585 Massachusetts Avenue, Suite 5018
Cambridge, MA 02138
Tel: 617-998-1558
Email: kalbert@law.harvard.edu