UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUCKROCK FOUNDATION, INC. and PRIVACY INTERNATIONAL, <br><br>Plaintiffs, <br><br>v. <br><br>U.S. DEPARTMENT OF STATE, <br><br>Defendant. | C.A. No. 1:20-cv-12170-ADB |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant U.S. Department of State ("Defendant" or "State Department"), by and through its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, submits the following Answer to the Complaint by Plaintiff Muckrock Foundation Inc.'s and Plaintiff Privacy International's (together, "Plaintiffs").

**ANSWER**

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith.  Defendant reserves its rights to amend this Answer if appropriate following discovery or investigation in this matter.  The foregoing is incorporated into each paragraph of this Answer.

Defendant responds as follows to the individual paragraphs set forth in the Complaint:

**Jurisdiction and Venue**[1]

1.  The allegations contained in Paragraph 1 consist of Plaintiff's conclusions of law regarding subject matter jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this action purports to be brought pursuant to the FOIA, 5 U.S.C. § 552, *et seq*, and that this Court has subject matter jurisdiction over this action.[2]

2.  The allegations contained in Paragraph 2 consist of Plaintiff's conclusions of law regarding venue, to which no response is required. To the extent a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) governs venue in actions brought pursuant to the FOIA, and that venue is proper in this Court.

**Parties**

3.  The allegations contained in Paragraph 3 consist of one of the Plaintiffs' description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

4.  The allegations contained in Paragraph 4 consist of one of the Plaintiffs' description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

5.  Defendant admits that it is an agency of the federal government and that it possesses records responsive to one or more FOIA requests that Plaintiff submitted to Defendant.

---

[1] For the convenience of the Court, Defendant replicates herein certain section headings used in the Complaint. To the extent that any such heading is construed to state, incorporate, or imply any factual allegations, Defendant expressly denies such allegations.

[2] The capitalized term "Paragraph" as used herein refers to the numbered paragraphs set forth in the Complaint.

**Factual Background**

6. The allegations contained in Paragraph 6 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

7. The allegations contained in Paragraph 7 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

8. The allegations contained in Paragraph 8 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

9. Defendant admits that Plaintiff submitted FOIA requests to Defendant, but Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the remaining allegations.

10. The allegations contained in Paragraph 10 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

11. The allegations contained in Paragraph 11 consist of one of the Plaintiffs' description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

12. The allegations contained in Paragraph 12 consist of Plaintiffs' characterization of a newspaper article, to which no response is required. To the extent a response is required, Defendant admits that such an article exists and respectfully refers the Court to that article for a complete and accurate statement of its contents.

13. The allegations contained in Paragraph 13 consist of one of the Plaintiffs' description of itself and do not set forth a claim or aver facts in support of a claim to which a response is required. To the extent that a response is required, Defendant lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations.

14. Admitted.

Request #1: The Wiretapping Request

15. Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 15.

16. Defendant admits that it received a follow-up message requesting a date by which Plaintiffs could expect a response to its FOIA request but avers that its records indicate Plaintiffs' message was dated June 20, 2019.

17. Admitted.

18. Admitted.

19. Defendant admits that it received an email from Plaintiff in March 2020. Defendant further avers that its records indicate that Plaintiffs may have sent other messages during this timeframe to an email address not set up to receive incoming messages.

20. Admitted.

21. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

22. Admitted.

23. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

24. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

25. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. The remainder of this allegation consists of Plaintiffs' conclusions of law regarding venue, to which no response is required.

Request #2: The CARSI Request

26. Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 26.

27. Defendant admits that it received a follow-up message dated June 20, 2019, requesting a date by which Plaintiffs could expect a response to its FOIA request.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

32. Admitted.

33. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

34. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

35. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019.  The remainder of this allegation consists of Plaintiffs' conclusions of law regarding venue, to which no response is required.

Request #3: The Training Request

36. Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 36.

37. Defendant admits that it received a follow-up message dated June 21, 2019, requesting a date by which Plaintiffs could expect a response.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

44. Admitted.

45. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

46. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

47. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. The remainder of this allegation consists of Plaintiffs' conclusions of law regarding venue, to which no response is required.

Request #4: The Haiti Request

48. Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 48.

49. Defendant admits that it received a follow-up message dated June 20, 2019, requesting a date by which Plaintiffs could expect a response to its FOIA request.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

56. Admitted.

57. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

58. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

59. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019.  The remainder of this allegation consists of Plaintiffs' conclusions of law regarding venue, to which no response is required.

Request #5: The Caribbean Request

60. Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 60.

61. Defendant admits that it received a follow-up message dated June 20, 2019, requesting a date by which Plaintiffs could expect a response to its FOIA request.

62. Defendant admits that it responded to Plaintiffs' June 20, 2019 email as described in this paragraph but avers that its records indicate that its response was sent on July 19, 2019.

63. Admitted.

64. Defendant admits that it provided an estimated date of completion as described in this paragraph but avers that its records indicate that there was an inadvertent typographical error in its estimated date of completion provided in its October 4, 2019, email to Plaintiffs. After further communications with Plaintiffs, the estimated date of completion was clarified by Defendant to be the date reflected in this paragraph.

65. Admitted.

66. Admitted.

67. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

68. Admitted.

69. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

70. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

71. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. The remainder of this allegation consists of Plaintiff's conclusions of law regarding venue, to which no response is required.

Request #6: The Central Request

72.     Defendant admits that Plaintiffs' FOIA request to Defendant dated May 24, 2019, specified the categories of documents described in Paragraph 72.

73.     Defendant admits that it received a follow-up message dated June 20, 2019, requesting a date by which Plaintiffs could expect a response to its FOIA request.

74.     Admitted.

75.     Admitted.

76.     Admitted.

77.     Admitted.

78.     Admitted.

79.     Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Plaintiffs' seven FOIA requests at issue in this case.

80.     Admitted.

81.     Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019. Defendant avers that it received Defendant's request on June 3, 2019.

82.     Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

83.     Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019.  The

remainder of this allegation consists of Plaintiff's conclusions of law regarding venue, to which no response is required.

Request #7: The Technical Assistant Request

84. Defendant admits that Plaintiff's' FOIA request to Defendant dated October 10, 2019, specified the categories of documents described in Paragraph 84.

85. Admitted.

86. Admitted.

87. Admitted.

88. Defendant admits that it received an email from Plaintiffs on June 29, 2019, requesting productions or timetables for productions for Defendants' seven FOIA requests at issue in this case.

89. Admitted.

90. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated October 10, 2019. Defendant avers that it received Defendant's request on October 22, 2019.

91. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated May 24, 2019, nor had it sent any further correspondence regarding the request.

92. Defendant admits that as of the date of the complaint, the State Department had not issued any final determination with respect to Plaintiffs' FOIA request dated October 10, 2019. The remainder of this allegation consists of Plaintiffs' conclusions of law regarding venue, to which no response is required.

**Count I: Violation of the FOIA, 5 U.S.C. § 552: Department of State**

93. Defendant incorporates by reference its responses to all preceding paragraphs.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

**REQUEST FOR RELIEF**

The remainder of the Complaint consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent that a response is necessary, Defendant incorporates by reference its responses to all preceding paragraphs, denies the allegations in the Prayer for Relief, and denies that Plaintiff is entitled to the relief requested in the Complaint.

**AFFIRMATIVE DEFENSES**

By way of further response, Defendant sets forth the following separate affirmative defenses without assuming the burden of proof that would otherwise rest with Plaintiffs. Defendant expressly reserves the right to rely upon other affirmative defenses that may become available during discovery in this case.

*FIRST AFFIRMATIVE DEFENSE*

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

*SECOND AFFIRMATIVE DEFENSE*

Any information that Defendant has withheld in response to Plaintiff's FOIA request is exempt in whole or in part under the FOIA, 5 U.S.C. § 552 *et seq*.

*THIRD AFFIRMATIVE DEFENSE*

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy

prerequisites to suit, as well as over any requests or allegations that are not contained in the FOIA request at issue in this action.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiff is not entitled to attorney's fees or costs in this action.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that the Court deny the relief requested in the Complaint, and that the Court dismiss the Complaint against it, with prejudice.

Respectfully submitted,

U.S. DEPARTMENT OF STATE

By its attorneys,

ANDREW E. LELLING,
United States Attorney

By: */s/ Jason C. Weida*
Jason C. Weida
Assistant U.S. Attorney
U.S. Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3100
jason.weida@usdoj.gov

Dated:  February 26, 2021